SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
PKlee@sheppardmullin.com
JOHN D. EDSON, Cal. Bar No. 185709
JEdson@sheppardmullin.com
CHRISTINA DING, Cal. Bar No. 286009
CDing@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815

Attorneys for Allstate Insurance Company
(erroneously sued as "Allstate Property
and Casualty Insurance Company")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MATTHEW POTURICH AND TERESA POTURICH,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:15-cv-00081-GW-KKx<br><br>The Hon. Kenly Kiya Kato<br>Courtroom 3/4 Third Floor<br><br>**ALLSTATE'S MOTION TO COMPEL PLAINTIFFS TO RESPOND TO WRITTEN DISCOVERY AND PRODUCE DOCUMENTS AND MOTION FOR MONETARY SANCTIONS**<br><br>Date:     July 23, 2015<br>Time:    10:00 a.m.<br>Dept.:    Courtroom 3/4<br><br>Complaint Filed:  December 12, 2014<br>Trial Date:           TBD |

**PRELIMINARY STATEMENT RE LOCAL RULE 37-1**

On April 30, 2015, Allstate served document requests and interrogatories on plaintiffs. Plaintiffs' discovery responses were past due on June 2, 2015. After their deadline to respond passed, Allstate wrote three times to no avail to request either the discovery responses or a meet and confer responses.

As of the date of this motion, plaintiffs have not responded to written discovery, and they have not produced documents. Even worse, Plaintiffs have ignored Allstate's attempts to meet and confer regarding this discovery dispute.

Pursuant to Local Rule 37-2.4, under such circumstances, the moving party must file a declaration from counsel establishing that opposing counsel failed to confer in a timely manner in accordance with Local Rule 37-1. Here, Allstate attempted to contact plaintiffs' counsel on three separate occasions in an attempt to informally resolve this discovery dispute. Responses and documents were due on June 2, 2015. Pursuant to Local Rules 37-2.4 and 37-4, this motion to compel is proper because plaintiffs did not respond to discovery at all.

**I.   INTRODUCTION**

This motion to compel and for sanctions is straightforward. Allstate propounded written discovery on plaintiffs, seeking basic information about the nature of their claims. Plaintiffs have not responded and have not produced documents, despite Allstate's meet and confer efforts.

As a backdrop, this lawsuit arises out of an alleged water and theft loss at one of plaintiffs' properties. Plaintiffs allege that a pipe burst inside their Murrieta property, causing flood damage. They hired a repair company to make emergency repairs. Yet, they later alleged that the repair company workers stole some of their personal property.

Early during the claim, Allstate made payments on the alleged loss. On one check, Allstate included the lender as a co-payee because the lender was listed on the policy declarations page. Plaintiffs protested that they had paid off their loan by

the time of their claim. Allstate then investigated plaintiffs' allegations and discovered that plaintiffs had made a false claim for additional living expense benefits and stolen contents. Allstate then denied plaintiffs' claim for material misrepresentations. Plaintiffs allege that Allstate improperly denied their claim.

Pursuant to the Federal Rules of Civil Procedure, Allstate propounded written discovery on plaintiffs: one set of interrogatories on Matthew Poturich, one set of interrogatories on Teresa Poturich, and one set of requests for production of documents. The discovery sought basic information about the nature of plaintiffs' claims, i.e., witnesses and documents pertaining to the insurance claim and alleged property damages. However, plaintiffs failed to respond to the written discovery or to any of Allstate's meet and confer efforts. Because plaintiffs failed to serve timely responses, plaintiffs have waived all objections to Allstate's discovery requests.

Allstate requests that this Court order the following:

(1) Plaintiffs have waived all objections to Allstate's propounded discovery;

(2) Plaintiffs must comply with Rule 33 and respond to interrogatories without objections;

(3) Plaintiffs must comply with Rule 34 and respond to requests for production of documents and produce all responsive documents without objections; and

(4) Under Rule 37, Allstate should be awarded sanctions in the amount of $2,960.00 as a result of plaintiffs' failure to comply with court rules.

## II. STATEMENT OF FACTS

On April 30, 2015, Allstate served document requests and interrogatories on plaintiffs. (Declaration of Christina Ding ¶ 3, Ex. 1.) The discovery sought basic information about the nature of plaintiffs' claims in the complaint. Plaintiffs' deadline to respond was June 2, 2015 (30 days from the date of service plus three days for mail service). Fed. R. Civ. P. Rule 33(b)(2) and Rule 6(d).

On June 8, 2015, Allstate wrote to request plaintiffs' discovery responses. It further offered to wait until June 16, 2015 before filing this motion to give plaintiffs the opportunity to respond. (Ding Dec. ¶ 4, Ex. 2.) Allstate further explained the need for responses. Because of the Court trial date, it requested plaintiffs appear for their depositions by the end of July. It needs plaintiffs' discovery responses in order to take those depositions. (*Id.*) Plaintiffs, however, did not respond. (*Id.*)

On June 17, 2015, with no response from plaintiffs, Allstate's counsel wrote to request a meet and confer conference pursuant to Local Rule 37-1. Again, plaintiffs did not respond. (Ding Dec. ¶ 5, Ex. 3.)

On June 18, 2015, Allstate's counsel again wrote to request a meet and confer conference. Yet again, plaintiffs did not respond. (Ding Dec. ¶ 6, Ex. 4.) As of the filing of this motion, Allstate has not received any response from Plaintiffs. (Ding Dec. ¶ 7.)

### III. A MOTION TO COMPEL IS PROPER WHEN A PARTY FAILS TO RESPOND TO DISCOVERY

A motion to compel is the remedy available when a party fails to comply with its discovery obligations. Fed. R. Civ. P. Rule 37(a)(1). Under Rule 37, a party may file a motion to compel discovery responses.[1] Because plaintiffs have failed to respond to Allstate's written discovery (requests for production of documents and interrogatories) and failed to produce documents, Allstate has the right to seek a court order compelling compliance under Rule 37.

Under Rule 33 of the Federal Rules of Civil Procedure, a party may serve upon any other party written interrogatories that relate to any matter that can be inquired into under Rule 26(b)(1). Fed. R. Civ. P. 33(a). The interrogatories served on plaintiffs are, for the most part, classic contention interrogatories in which

---

[1] Rule 37(a)(3)(B) allows a party to file a motion to compel (i) responses to interrogatories and (ii) responses to document requests.

1  Allstate asks plaintiffs to discuss and explain the nature of the contentions they
2  made in the complaint and to give detailed information regarding the factual bases
3  for their contentions; thus, these interrogatories are permissible and acceptable
4  under Rule 33(c).  *See Cable & Computer Technology, Inc. v. Lockheed Saunders,*
5  *Inc.,* 175 F.R.D. 646, 650 (C.D. Cal. 1997); *Continental Ill. Nat'l Bank & Trust Co.*
6  *of Chicago v. Caton,* 136 F.R.D. 682, 684 (D. Kan. 1991).

7  The few non-contention interrogatories seek the identities of witnesses and
8  documents to support plaintiffs' responses to the contention interrogatories. Clearly,
9  all of Allstate's interrogatories seek information relevant under Rule 26(b).  Under
10 Fed. R. Civ. P. Rule 33(b)(2), "The responding party must serve its answers and any
11 objections within 30 days after being served with the interrogatories."  Here,
12 plaintiffs never served responses.

13 Like its interrogatories, Allstate's document requests sought basic information
14 about plaintiffs' allegations in their complaint and claim for damages.  "The party to
15 whom the [document] request is directed must respond in writing within 30 days
16 after being served."  Fed. R. Civ. P. 34(b)(2)(A).  The rule requires parties
17 answering requests for production of documents to "either state that inspection and
18 related activities will be permitted as requested or state an objection to the request
19 including the reasons" in each response.  *Global Ampersand, LLC v. Crown*
20 *Engineering and Const., Inc.*, 261 F.R.D. 495, 499 (E.D. Cal. 2009).  Here, plaintiffs
21 never responded to the document requests.

22 Because plaintiffs failed to serve timely responses, plaintiffs have waived all
23 objections to Allstate's discovery requests.  *Richmark Corp. v. Timber Falling*
24 *Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery
25 requests within the time required constitutes a waiver of any objection").  Therefore,
26 the Court should be require plaintiffs to respond to Allstate's discovery requests
27 without objections.

28

### IV. MONETARY SANCTIONS ARE APPROPRIATE WHERE PLAINTIFFS' COUNSEL FAILED TO COOPERATE

Federal Rule of Civil Procedure Rule 37 and Local Rule 37-4 allows the Court to impose sanctions where counsel has failed to comply with or cooperate in the meet and confer procedures under Local Rule 37-1. *Cable & Computer Technology, Inc., supra*, 175 F.R.D. at 650 (sanctioning plaintiff's counsel for failing to comply with local rules requiring meet and confer efforts related to a discovery dispute). As already discussed above, Allstate provided an extension for plaintiffs to respond to its written discovery and attempted to meet and confer regarding the discovery on three separate occasions. To date, Allstate has received no response from plaintiffs regarding this dispute, thereby necessitating the present motion.

As set forth in the Declaration of Christina Ding, over four hours was spent researching and preparing this motion, including the supporting declaration and exhibits. (Ding Dec. ¶ 8.) It is anticipated that, at a minimum, an additional five hours will be spent in connection with preparing a reply brief and handling the hearing on this matter. (*Id.*) Therefore, Allstate requests that it be awarded sanctions in the amount of $2,960.00, pursuant to Local Rule 37-1.

### V. CONCLUSION

Based on plaintiffs' noncompliance as outlined above, Allstate respectfully requests that this Court order the following:

(1) Plaintiffs have waived all objections to Allstate's propounded discovery;

(2) Plaintiffs must comply with Rule 33 and respond to interrogatories without objections;

(3) Plaintiffs must comply with Rule 34 and respond to requests for production of documents and produce all responsive documents without objections; and

1    (4)  Under Rule 37, Allstate should be awarded sanctions in the amount of
2         $2,960.00 as a result of plaintiffs' failure to comply with court rules.

Dated: June 19, 2015          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                              By      s/ Christina Ding
                                      CHRISTINA DING

                              Attorneys for Allstate Insurance Company
                              (erroneously sued also as Allstate Property and
                              Casualty Insurance Company)