UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW POTURICH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE CO., et al., <br><br> Defendants. | Case No. EDCV 15-0081-GW (KKx) <br><br> ORDER GRANTING ALLSTATE'S MOTION TO COMPEL AND MOTION FOR MONETARY SANCTIONS |

On June 19, 2015, Defendant Allstate Insurance Company ("Defendant") filed a Motion to Compel Plaintiffs to Respond to Written Discovery and Produce Documents and Motion for Monetary Sanctions. Plaintiffs Matthew Poturich and Teresa Poturich ("Plaintiffs") have failed to file a timely Opposition. For the reasons discussed below, the Court **GRANTS** both motions and sanctions Plaintiffs in the amount of $2,960.00 as a result of Plaintiffs' failure to comply with Court rules. The hearing on the motions currently set for July 23, 2015 is **VACATED**.

**I.**

**BACKGROUND**

On December 12, 2014, Plaintiffs filed suit against Defendant, alleging Defendant breached an insurance policy it issued for Plaintiffs' home, by denying Plaintiffs' claim

1

for "structural damage and loss of personal property" resulting from a water leak.[1] ECF No. 16 at 11. Defendant alleges it denied Plaintiffs' insurance claim because Plaintiffs "made material misrepresentations" and refused to cooperate during an investigation of the claim. ECF No. 17 at 8.

On April 30, 2015, Defendant served document requests and interrogatories on Plaintiffs. ECF No. 25-1 at 2. Pursuant to a declaration filed by Defendant's counsel, the discovery "sought basic information about the nature of plaintiffs' claim in the complaint" and Plaintiffs' deadline to respond was June 2, 2015. ECF No. 25-2 at 2. Plaintiffs did not respond to Defendant's discovery requests by June 2, 2015. *Id.*

Thus, on June 8, 2015, Defendant's counsel sent a letter informing Plaintiffs "they had waived objections by failing to timely respond to written discovery and requesting responses to the written discovery without objections by June 16, 2015." *Id.* The June 16, 2015 letter also informed Plaintiffs' counsel that "Allstate intended to depose plaintiffs by the end of July and needed to review plaintiffs' written responses before those depositions." *Id.* The letter concluded by inviting Plaintiffs' counsel to contact Defendant's counsel if they wanted to discuss the matter. *Id.* Plaintiffs did not respond to the June 8, 2015 letter. *Id.*

Thus, on June 17, 2015, Defendant's counsel sent an email to Plaintiffs' counsel requesting a telephonic conference that same day to informally resolve the discovery dispute. ECF Docket No. 25-2 at 2. Plaintiffs did not respond to the June 17, 2015 email. *Id.*

Thus, on June 18, 2015, Defendant's counsel sent a second email to Plaintiffs' counsel informing them Defendant would be "forced to file a motion to compel" if she did not hear from them. *Id.* Plaintiffs did not respond to the June 18, 2015 email.

As a result of Plaintiffs' failure to respond to discovery requests and failure to

---

[1] Plaintiffs also name various unknown "Doe" defendants, which are not relevant for the purposes of this Order.

respond to defense counsel's communications attempting to resolve the discovery disputes, Defendant filed the instant Motions on June 19, 2015. ECF Docket No. 25. In the Motions, Defendant requests the Court order that: (1) Plaintiffs have waived all objections to Defendant's propounded discovery; (2) Plaintiffs must comply with Rule 33 and respond to interrogatories without objections; (3) Plaintiffs must comply with Rule 34 and respond to requests for production of documents and produce all responsive documents without objections; and (4) sanctions be awarded to Defendant in the amount of $2,960.00 as a result of Plaintiffs' failure to comply with Court rules. *Id.* As of this date, Plaintiffs have failed to file an opposition to the Motions.

## II.

## DISCUSSION

**A.     The Motion to Compel is Granted.**

    **1.     Relevant Law**

Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (citation omitted). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

Pursuant to Federal Rules of Civil Procedure 33 and 34, a party may serve on any other party written interrogatories that "relate to any matter that may be inquired into

under Rule 26(b)" and requests for documents "within the scope of Rule 2b(b)." Fed. R. Civ. P. 33(a); Fed. R. Civ. P. 34(b)(2)(A). The responding party must serve its responses and any objections within 30 days after being served with the discovery request. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Finally, Federal Rule of Civil Procedure 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1).

### 2. Application

Here, Defendant has served written interrogatories and requests for documents which seek "relevant matter." The discovery sought is, thus, permissible under Rule 26. Plaintiffs have failed to respond, despite being offered an extension of time to do so. Moreover, Plaintiffs have failed to object within the time required and hence, have waived any objections. *Richmark Corp.*, 959 F.2d at 1473.

Accordingly, Defendant's Motion to Compel is **GRANTED**. Plaintiffs must (1) comply with Rule 33 and respond to the served interrogatories without objections, and (2) comply with Rule 34 and respond to the served requests for production of documents and produce all responsive documents without objections.

### B. The Motion for Sanctions is Granted.

Pursuant to Federal Rule of Civil Procedure 37(a)(5), if a discovery motion is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5) (emphasis added). In addition, the Local Rules provide strict procedures with which counsel must comply in bringing or opposing a

discovery motion, including requiring a pre-filing conference of counsel and joint stipulation. L.R. 37 *et seq.* Additionally, Local Rule 37-4 specifically provides "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."

Here, for the reasons discussed above, Defendant's Motion to Compel is granted in its entirety. Plaintiffs have failed to oppose, or otherwise respond to the Motion to Compel or Motion for Sanctions. Thus, pursuant to Federal Rule of Civil Procedure 37(a)(5), sanctions are warranted.

In addition, Plaintiffs' counsel have violated multiple provisions of the Local Rules, including Local Rule 37-1 and Local Rule 37-2 by, *inter alia*, failing to participate in the meet and confer or joint stipulation process. Either violation of the Local Rules justifies sanctions. *See* L.R. 37-4; *see also Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed . . . ."); *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). Counsel's failure to comply with the Local Rules is particularly egregious in light of defense counsel's repeated offers to extend the time for counsel to respond to the requests. The Court further notes Plaintiffs were previously sanctioned in this action by this Court due to their failure to comply with Local Rule 37-2. *See* ECF Docket No. 21, Order Denying Ex Parte Application to Quash Subpoenas.

Accordingly, Plaintiffs shall pay sanctions to Defendant in the amount of $2,960.00 as a result of Plaintiffs' failure to comply with Court rules. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988) (per curiam); *see also Estate of Gonzalez v. Hickman*, No. 5-660-MMM-RCx, 2007 WL 3238725, at *2 (C.D. Cal. 2007).

///
///
///
///

## III.
## **CONCLUSION**

IT IS THEREFORE ORDERED that (1) Plaintiffs have waived all objections to Defendant's propounded discovery; (2) Plaintiffs must comply with Rule 33 and respond to interrogatories without objections; (3) Plaintiffs must comply with Rule 34 and respond to requests for production of documents and produce all responsive documents without objections; (4) Plaintiffs shall pay sanctions to Defendant in the amount of $2,960.00 as a result of Plaintiffs' failure to comply with Court rules; and (5) the hearing on the motions currently set for July 23, 2015 is vacated.

DATED: July 15, 2015 _____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE