SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
PKlee@sheppardmullin.com
JOHN D. EDSON, Cal. Bar No. 185709
JEdson@sheppardmullin.com
CHRISTINA DING, Cal. Bar. No. 286009
CDing@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815

Attorneys for Allstate Insurance Company
(erroneously sued as "Allstate Property
and Casualty Insurance Company")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MATTHEW POTURICH AND TERESA POTURICH,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 5:15-cv-00081-GW-KKx<br><br>The Hon. Kenly Kiya Kato<br>Courtroom 3/4 Third Floor<br><br>**ALLSTATE'S MOTION TO COMPEL QUALITY SHEDS, INC. TO COMPLY WITH SUBPOENA AND SHOW CAUSE ORDER**<br><br>Date:          August 20, 2015<br>Time:          10:00 a.m.<br>Dept.:         Courtroom 3/4<br><br>Complaint Filed:  December 12, 2014<br>Trial Date:          TBD |

## PRELIMINARY STATEMENT RE LOCAL RULE 37-2

On May 4, 2015, Allstate served a subpoena for documents on Quality Sheds, Inc., an S corporation owned by plaintiff Matthew Poturich. Quality Sheds' responses were due on June 5, 2015. Plaintiffs' counsel represented that she would be handling Quality Sheds' response and requested an extension, which was granted to June 12, 2015. After the extended deadline had passed, Allstate met and conferred with plaintiffs' counsel multiple times by email and telephone. Thereafter, plaintiffs' counsel finally agreed to produce responsive documents by July 13, 2015. No documents were ever provided. Pursuant to Local Rule 37-2.2, Allstate prepared a joint stipulation and provided it to plaintiffs' counsel. As of the date of this motion, Quality Sheds has not produced documents or responded to Allstate's further meet and confer efforts.

Pursuant to Local Rule 37-2.4, under such circumstances, the moving party must file a declaration from counsel establishing that opposing counsel failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with Local Rule 37-2.2. Here, Allstate met and conferred with plaintiffs' counsel on multiple occasions by telephone and email in an attempt to informally resolve this discovery dispute. Plaintiffs' counsel agreed to produce responsive documents on July 13, 2015 – over five weeks after the documents were originally due. Allstate never received the documents and Quality Sheds has ignored Allstate's ongoing meet and confer attempts. Pursuant to Local Rules 37-2.4 and 37-4, this motion to compel is proper and necessary to prevent intentional further delay by Quality Sheds and plaintiffs.

## I.    INTRODUCTION

This motion to compel and for sanctions is straightforward. Allstate issued a subpoena to Quality Sheds, Inc., an S-corporation owned and operated by plaintiff Matthew Poturich. Allstate sought basic information related to the relationship between Quality Sheds and Mr. Poturich, Mr. Poturich's income through Quality

SMRH:441568001.1    ALLSTATE'S MOTION TO COMPEL QUALITY SHEDS' COMPLIANCE WITH SUBPOENA AND SHOW CAUSE ORDER

Sheds, and any relationship between Quality Sheds and the property at issue in this lawsuit. Neither Quality Sheds nor plaintiffs have produced documents in response to the subpoena, despite Allstate's meet and confer efforts.

As a backdrop, this lawsuit arises out of an alleged water and theft loss at one of plaintiffs' properties. Plaintiffs allege that a pipe burst inside their Murrieta property, causing flood damage. They hired a repair company to make emergency repairs. Yet, they later alleged that the repair company workers stole some of their personal property.

Early during the claim, Allstate made payments on the alleged loss. On one check, Allstate included the lender as a co-payee because the lender was listed on the policy declarations page. Plaintiffs protested that they had paid off their loan by the time of their claim. Allstate investigated plaintiffs' allegations and discovered that plaintiffs had made a false claim for additional living expense benefits and stolen contents. Allstate then denied plaintiffs' claim for material misrepresentations. Plaintiffs allege that Allstate improperly denied their claim.

The Court previously sanctioned plaintiffs for failing to produce discovery responses, which they have still not provided. Because of plaintiffs' complete lack of cooperation in discovery, Allstate has attempted to obtain information through other sources such as Quality Sheds. But plaintiffs continue to stonewall Allstate's right to conduct discovery in this matter. Allstate requests that this Court order the following:

(1)    Quality Sheds has waived all objections to Allstate's subpoena;

(2)    Quality Sheds must produce documents responsive to Allstate's subpoena without objections within 20 days of the Court's order;

(3)    Under Rule 45(g), that Quality Sheds show cause why a contempt citation should not be issued against it; and

(4)    Quality Sheds and plaintiffs' counsel should be sanctioned $2,960 for Allstate's costs to bring this motion.

Case No. 5:15-cv-00081-GW-KKx
ALLSTATE'S MOTION TO COMPEL QUALITY SHEDS' COMPLIANCE WITH SUBPOENA AND SHOW CAUSE ORDER

1    II.    **STATEMENT OF FACTS**

2         On May 12, 2015, Allstate served a document subpoena on Quality Sheds,

3    Inc.  (Declaration of Christina Ding ¶ 3, Ex. 1.)  The subpoena sought documents

4    evidencing the relationship between Quality Sheds and plaintiff Matthew Poturich,

5    Mr. Poturich's purported income through Quality Sheds, and the relationship

6    between Quality Sheds and the property at issue in this matter.  Plaintiffs' deadline

7    to respond was June 5, 2015.  (*Id.*)

8         On May 28, 2015, plaintiffs contacted Allstate and requested a one-week

9    extension to respond to the subpoena, which was granted.  (Ding Dec. ¶ 4.)  After

10   the extended deadline passed, Allstate requested that the documents be provided and

11   invited a meet and confer conference.  (Ding Dec. ¶ 5, Ex. 2.)  Having received no

12   response, Allstate wrote again on July 2, 2015, to request a meet and confer

13   conference.  (Ding Dec. ¶ 6, Ex. 3.)  Again receiving no response, Allstate wrote a

14   third time to plaintiffs on July 7, 2015.  (Ding Dec. ¶ 7, Ex. 4.)  Plaintiffs finally

15   responded that day and the parties agreed to meet and confer telephonically.  (Ding

16   Dec. ¶ 8, Ex. 5.)

17        On July 8 and 9, 2015, the parties met and conferred telephonically to discuss

18   acceptable documents responsive to Allstate's subpoena.  (Ding Dec. ¶¶ 9-10, Ex.

19   6.)  On July 10, 2015, plaintiff's counsel advised Allstate that Quality Sheds would

20   produce responsive documents on July 13, 2015, by email and overnight mail.

21   (Ding Dec. ¶ 11, Ex. 7.)

22        Having received no documents as promised, Allstate wrote to plaintiffs'

23   counsel on July 14, 2015, and also provided a joint stipulation pursuant to Local

24   Rule 37-2.2.  (Ding Dec. ¶¶ 12-13, Exs. 8-9.)  Yet again, plaintiffs did not respond.

25   (Ding Dec. ¶ 14.)  As of the filing of this motion, Allstate has not received any

26   documents from Quality Sheds or plaintiffs.  (Ding Dec. ¶ 14.)

27

28

SMRH:441568001.1    Case No. 5:15-cv-00081-GW-KKx
ALLSTATE'S MOTION TO COMPEL QUALITY SHEDS' COMPLIANCE WITH
SUBPOENA AND SHOW CAUSE ORDER

1

### III. A MOTION TO COMPEL IS PROPER WHEN A NONPARTY FAILS TO RESPOND TO A DEPOSITION SUBPOENA

2

3    A motion to compel and contempt hearing are the remedies available when a

4  nonparty fails to comply with a deposition subpoena.  Fed. R. Civ. P. Rule 45(g).

5  Under Local Rule 45-1, a party may utilize the motion to compel procedures under

6  Local Rule 37 for discovery subpoenas.[1]  Because Quality Sheds failed to timely

7  produce documents in response to Allstate's subpoena, Allstate has the right to seek

8  a court order compelling compliance and requiring Quality Sheds to show cause for

9  its noncompliance under Rules 37 and 45.

10    Under Rule 45 of the Federal Rules of Civil Procedure, a party may serve a

11  subpoena that commands any person to produce designated documents.  The

12  subpoena served on Quality Sheds requests basic information regarding plaintiff

13  Matthew Poturich's income, rental agreements, potential clients, and employees.

14  (Ding Dec. ¶ 3, Ex. 1.)  Quality Sheds' responsive documents were originally due

15  on June 5, 2015, and plaintiffs' counsel agreed to produce them on July 13, 2015.

16  (Ding Dec. ¶¶ 3, 11.)  Yet to date, Quality Sheds has produced no documents.  (Ding

17  Dec. ¶ 14.)

18    Because Quality Sheds, Inc. failed to serve timely responses, it has waived its

19  objections to Allstate's subpoena.  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636

20  (C.D. Cal. 2005) ("A nonparty's failure to timely make objections to a Rule 45

21  subpoena duces tecum generally requires the court to find that any objections have

22  been waived.").  Therefore, the Court should be require Quality Sheds to produce

23  responsive documents to Allstate's subpoena without objections.

24

25

26

---

27  [1] Rule 37(a)(3)(B) allows a party to file a motion to compel (i) responses to

28  interrogatories and (ii) responses to document requests.

## IV.    MONETARY SANCTIONS ARE APPROPRIATE WHERE PLAINTIFFS' COUNSEL FAILED TO COOPERATE

Federal Rule of Civil Procedure Rule 45(g) allows the Court to hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. *VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal 2002) ("[T]he only procedure for enforcing a subpoena duces tecum is to institute contempt proceedings before the district court that issued the subpoena."). A subpoena issued by an attorney is the same as a court order for purposes of contempt proceedings. Fed. R. Civ. P. 45(e). *United States Securities & Exch. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010) ("[A]ll discovery subpoenas are contempt-sanctionable orders of the court whether issued in blank by the clerk or by an attorney as an officer of the court.").

In addition to being held in contempt, a Court may also require the nonparty to pay for expenses and attorney fees involved in bringing the motion to compel and application for show cause order. *General Ins. Co. of America v. Eastern Consolidated Utilities, Inc.*, 126 F.3d 215, 220 (3rd Cir. 1997) (ordering nonparty to pay $500 for expenses and attorney fees for failure to comply with order re subpoena). As already discussed above, Allstate provided an extension for Quality Sheds to respond to its subpoena and attempted to meet and confer regarding the subpoena on multiple occasions. Over two months after the subpoena was initially served, Allstate has still received no documents in response to its subpoena, thereby necessitating the present motion.

As set forth in the Declaration of Christina Ding, over five hours was spent researching and preparing this motion, including the supporting declaration and exhibits. (Ding Dec. ¶ 15.) It is anticipated that, at a minimum, an additional two hours will be spent in connection with preparing a reply brief and one hour handling the hearing on this matter. (*Id.*) Therefore, Allstate requests that it be awarded costs to bring this motion in the amount of $2,960.00, pursuant to Local Rule 37-4.

SMRH:441568001.1

V.    **CONCLUSION**

Based on Quality Sheds' noncompliance as outlined above, Allstate respectfully requests that this Court order the following:

(1)    Quality Sheds has waived all objections to Allstate's subpoena;

(2)    Quality Sheds must produce documents responsive to Allstate's subpoena without objections within 20 days of the Court's order;

(3)    Under Rule 45(g), that Quality Sheds show cause why a contempt citation should not be issued against it; and

(4)    Quality Sheds and plaintiffs' counsel should be sanctioned $2,960 for Allstate's costs to bring this motion.

Dated:  July 22, 2015          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                          By _____ s/ Christina Ding
                                                          CHRISTINA DING

                                          Attorneys for Allstate Insurance Company
                                          (erroneously sued also as Allstate Property and
                                          Casualty Insurance Company)

SMRH:441568001.1          ALLSTATE'S MOTION TO COMPEL QUALITY SHEDS' COMPLIANCE WITH SUBPOENA AND SHOW CAUSE ORDER

Case No. 5:15-cv-00081-GW-KKx